## BRIDGETON NAT. BANK v. WAY.

### In re SEELEY.

(Circuit Court of Appeals, Fourth Circuit. May 8, 1918.)

### No. 1631.

BANKRUPTCY ⬌440—REVIEW—PROCEDURE.

A "petition for review," filed in a District Court in a bankruptcy proceeding, is ineffectual to remove the case for any purpose into the Circuit Court of Appeals.

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of Virginia, at Norfolk, in Bankruptcy; Edmund Waddill, Jr., Judge.

In the matter of August Scriber Seeley, bankrupt. Petition by the Bridgeton National Bank for review of order. On motion by Luther B. Way, trustee, to strike cause from docket and to dismiss petition. Motion granted.

J. D. Hank, Jr., Asst. Atty. Gen., of Richmond, Va., for the motion.

G. R. Swink, of Norfolk, Va., opposed.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. Within four months prior to his adjudication in a voluntary proceeding, the bankrupt executed a deed of trust on certain personal property to secure two notes, amounting to $1,500, given by him to one of his creditors for a debt long overdue, and on which suit had been brought in a state court. The petitioning bank claims to have discounted these notes before maturity, in good faith, and in the ordinary course of business. After hearing the parties in interest, the referee held that the deed of trust was a voidable preference, directed the trustee to administer the proceeds of the property, which had been sold in the meantime, "as unincumbered assets of the bankrupt," and allowed the bank to prove the notes only as an unsecured claim. On March 7, 1918, the decision of the referee was "approved and affirmed" by the District Court. Nine days later, March 16, the bank filed in that court a "petition for review," as it is styled, which recites the proceedings, quotes the conclusion of the court respecting the deed of trust, alleges that it is erroneous in matter of law, and asks that it may be reviewed "by the Circuit Court of Appeals of the Fourth Circuit of the United States." Thereupon the District Court ordered a review by this court of its order of March 7th, and directed the record to. be filed with the clerk of this court within 30 days. No petition to superintend and revise has been filed in this court as provided by rule 36 (233 Fed. xx, 146 C. C. A. xx), nor has any appeal to this court been taken. The trustee here moves to strike the cause from the docket and to dismiss the petition.

⬌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There is no need of discussion. It is enough to say that the so-called "petition for review," filed in the court below, was wholly ineffectual to bring the case into this court for any purpose, and consequently there is nothing before us for review. The motion to strike from the docket must therefore be granted, and it will be so ordered. Inasmuch, however, as the time within which an appeal might be taken appears not to have expired, the order will be without prejudice to the right of appeal by the bank, if it be so advised. Whether the question sought to be reviewed can be brought up by appeal we do not decide.

Motion to strike cause from the docket granted.